**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HENRY LOUIE ORTIZ, #229168** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2733** |
| **SHERIFF RANDY SMITH, ET AL.** | **SECTION: "M" (1)** |

## REPORT AND RECOMMENDATION

While incarcerated at St. Tammany Parish Jail, plaintiff filed this federal civil rights complaint pursuant to 42 U.S.C. § 1983.  Because his complaint was incomplete, on December 27, 2024, the Court ordered plaintiff to file a corrected complaint by January 30, 2025, in which he was to list the name of each defendant he intended to sue, provide a service address for each defendant, and include a short and plain statement of each claim he wished to assert against each defendant.[1]  The envelope mailed to plaintiff at his record address was eventually returned as undeliverable on March 7, 2025.[2]  Additionally, the separate envelope mailed to plaintiff at his record address including a copy of the December 27, 2024 pauper order was returned as undeliverable on January 15, 2025. [3]

In the interim, when plaintiff failed to file a response to the order, on February 12, 2025, the undersigned United States Magistrate Judge then issued an Order directing plaintiff to show cause why his case should not be dismissed for failure to submit a corrected complaint.[4]  The Order warned: **"FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT HIS CIVIL RIGHTS ACTION BE DISMISSED**."[5]

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 8.
[3] Rec. Doc. 6.
[4] Rec. Doc. 7.
[5] Id. at 2.

On March 10, 2025, the envelope mailed to plaintiff at his record address was returned as undeliverable with the notation "no longer here."[6]

Plaintiff provided no alternate address in the complaint, and he has failed to notify the Court of his current address despite being released or transferred from the St. Tammany Parish Jail. That failure is a direct violation of this Court's Local Rules, which expressly provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. Moreover, it is clear that plaintiff was in fact aware of that obligation, in that his deficient complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[7]

Additionally, it must be noted that this Court's Local Rules provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at the St. Tammany Parish Jail, his address of record, was returned by the United States Postal Service as undeliverable. All subsequent mail to him at that address was likewise returned undeliverable.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or

---

[6] Rec. Doc. 9.
[7] Rec. Doc. 1 at 6.

for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  Fed. R. Civ. P. 41(b).    The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need consider only his conduct in determining whether dismissal is proper under Rule 41(b).   Here, plaintiff has not provided the Court with his current address despite being aware of his obligation to do so.  Due solely to his failure, this Court has no way to advance his case on the docket.  Accordingly, his complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  10th  day of March, 2025.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

3